UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN STIPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1692 SNL |
| ) | |
| R. JAMES NICHOLSON, SECRETARY, ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kathleen Stipe to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, application will be granted. In addition, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v.

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**The Complaint**

Plaintiff, a former employee of the Department of Veterans Affairs (the "VA"), brings this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.  Named as defendants are R. James Nicholson (Secretary, VA), J. David Unterwagner (unspecified employee, VA), Douglas Bragg (same), Louise Wright (same), Carl Thunell (same), Scott Nordmoe (same).  Plaintiff seeks monetary and injunctive relief.

## Discussion

The complaint is simply a list of legal conclusions and does not contain sufficient factual allegations to state a claim under the Federal Rules of Civil Procedure. The Federal Rules require a party seeking relief to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Thus, it is not sufficient for plaintiff to allege that she was "constructively discharged." Rather, plaintiff must allege the underlying facts that could lead to a finding that she was constructively discharged. Additionally, the Federal Rules require that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give her the opportunity to amend her complaint in accordance with the Federal Rules. Plaintiff is warned that her amended complaint will take the place of her original complaint and will be the only complaint which this Court reviews. Thus, plaintiff must include all of the defendants whom

she wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint or risk dismissal of that defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**.  See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the Court will order plaintiff to amend the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order using the court-provided form for employment discrimination complaints.  Plaintiff shall set out the name of each defendant whom she wishes to sue in the caption of the complaint.  In the narrative section, plaintiff shall briefly set forth as to each named defendant the specific factual allegations supporting her claim.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff, with a copy of this Order, the court-provided form for employment discrimination complaints.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend her complaint in accordance with the Court's instructions will result in the dismissal of this action, without prejudice.

Dated this  5th   day of   December  , 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE